UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CATHY ARMSTRONG et al.,<br><br>      Plaintiffs,<br> v.<br><br>AMAZON.COM, INC.,<br><br>      Defendant. | CASE NO. 2:25-cv-01826-LK<br><br>ORDER GRANTING STIPULATED MOTION TO STAY PROCEEDINGS |

  This matter comes before the Court on the parties' Stipulated Motion to Stay Proceedings. Dkt. No. 15. For the reasons provided below, the Court grants the motion and stays proceedings pending the Ninth Circuit Court of Appeals' resolution of *Montes v. SPARC Group, LLC*, No. 23-35496.

  Plaintiffs Cathy Armstrong and Oluwa Fosudo filed a putative class action challenging what they allege are deceptive advertising practices by Defendant Amazon.com, Inc. during its annual "Prime Day" sales events. *See generally* Dkt. No. 1. Specifically, Plaintiffs allege that Amazon offers certain products as marked down from fabricated higher "List Prices," then proceeds to falsely label these purportedly discounted prices as "limited time deals" to inculcate a

ORDER GRANTING STIPULATED MOTION TO STAY PROCEEDINGS - 1

sense of urgency in buyers. *Id.* at 3–15. They seek relief under the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code § 19.86, as well as for breach of contract and unjust enrichment. *Id.* at 22–25. The parties now seek to stay proceedings in this action until the Ninth Circuit issues its final decision in *Montes*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

*Montes* involves a legal question that is potentially dispositive of certain claims in this case. The plaintiff in *Montes* alleges that the defendant, who owns retailer Aéropostale, "perpetually advertises nearly all products with significant discounts of 50-70% from a false reference price in order to trick customers into believing the advertised 'sale' price represented a special bargain from Aéropostale's usual and 'regular' prices." *Montes v. Sparc Grp. LLC*, No. 2:22-CV-0201-TOR, 2023 WL 4140836, at *1 (E.D. Wash. June 22, 2023). After the district court granted the defendant's motion to dismiss, the plaintiff appealed the decision to the Ninth Circuit. On May 9, 2025, the Ninth Circuit certified the question of whether a fictitious former price claim is actionable under the CPA to the Washington Supreme Court, which accepted the certified question and has scheduled oral argument for later this month. *Montes*, No. 23-35496, Dkt. Nos. 45, 47; *see also* Dkt. No. 15 at 2 (citing *Montes v. Sparc Group LLC*, Case No. 1041624 (Wash. S. Ct.)). The

parties specifically note that "Amazon intends to move to dismiss Plaintiffs' Complaint . . . and will make arguments, among others, that rely on the reasoning in *Montes*." Dkt. No. 15 at 2.

The Court finds that a stay pending the Ninth Circuit's decision in *Montes* is appropriate. The Court agrees that "resolution of the issues would be aided by a stay," and that the ultimate resolution of *Montes* "could affect the viability of Plaintiffs' claims, the arguments Amazon will make in a motion to dismiss, and the arguments Plaintiffs will make in their opposition to a motion to dismiss." Dkt. No. 15 at 3; *accord McDaniel v. Brooklyn Bedding LLC*, No. 3:24-cv-05100-LK, 2024 WL 4494891, at *1–2 (W.D. Wash. Oct. 15, 2024); *Lashley v. Amazon.com Inc.*, No. 2:24-CV-01444-LK, 2024 WL 5315310, at *2 (W.D. Wash. Dec. 30, 2024). The Court also agrees that "a stay is warranted to conserve judicial resources and avoid unnecessary litigation expenses" because the Ninth Circuit Court of Appeals' decision in *Montes* could affect the Court's ruling on Amazon's forthcoming motion to dismiss. Dkt. No. 15 at 3. Based on the record before it, the Court finds that the parties will not be prejudiced by the delay, and the efficiencies achieved by waiting for the Ninth Circuit's decision in *Montes* outweigh any potential delay that might occur.

For the foregoing reasons, the Court GRANTS the parties' stipulated motion. Dkt. No. 15. This case is STAYED until the United States Court of Appeals for the Ninth Circuit issues a ruling in *Montes v. Sparc Group, LLC*, No. 23-35496. The parties are ORDERED to submit a joint status report within 14 days of the Ninth Circuit's ruling in that case.

Dated this 10th day of October, 2025.

Lauren King
United States District Judge